UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES VAN TASSEL, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-3711 |
| | § | |
| STATE FARM LLOYDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is the Motion to Remand (Doc. 7) filed by Plaintiff Charles Van Tassel ("Van Tassel"), a Texas resident, arguing that the parties are not diverse and the Court lacks subject matter jurisdiction. Defendant State Farm Lloyds ("State Farm"), a foreign corporation doing business in Texas, filed a Response (Doc. 8) in opposition, arguing that Defendant Andre Hutchins ("Hutchins"), a Texas resident, was improperly joined simply to defeat diversity jurisdiction. Having considered the motions, the facts in the record, and the applicable law, the Court concludes that the motion should to remand be denied.

**I.     Background**

This is an insurance claim dispute arising out of storm damage sustained by Van Tassel's property in April 2012. (Original Pet. ¶ 8, Doc. 1-3). After the storm, Van Tassel submitted a claim and demand for payment under his property insurance policy (the "Policy") with State Farm. (Doc. 1-3 ¶¶ 7-8). State Farm assigned Hutchins to serve as an individual adjuster, then Hutchins, according to Van Tassel, "conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection." (Doc. 1-3 ¶ 10).

Van Tassel alleges that the consequence of this was State Farm's underpayment of his claim. (Doc. 1-3 ¶ 11).

In his Original Petition filed in Texas state court, Van Tassel stated causes of action for (i) breach of contract; (ii) violations of the Prompt Payment of Claims Statute; (iii) violations of the Texas Insurance Code; and (iv) violations of the Deceptive Trade Practices Act (DTPA). (Doc. 1-3 ¶¶ 13-23). While all four claims are made against State Farm, only the latter two—violations of the Texas Insurance Code and the DTPA—are made against Hutchins. In removing the action to this Court, State Farm argued that Van Tassel failed to state any claim against Hutchins and thus he was improperly joined. (Notice of Removal ¶¶ 10-12, Doc. 1). The merits of that argument are now before this Court.

## II.     Legal Standard

Under 28 U.S.C. § 1441(a), any state court action over which federal courts would have original jurisdiction may be removed from state to federal court. Under § 1441(b)(2), where original federal jurisdiction would be based on diversity of citizenship, a defendant may remove such an action only if none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." An *improperly* joined party, however, is disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Improper joinder may be established by showing either (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Whether this showing can be made depends on the plaintiff's pleading at the time of the petition for removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). The removing party bears the burden of proving that removal was

proper, and all ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

**III. Discussion**

In this case, State Farm based its petition for removal on the second improper joinder prong: that Van Tassel "failed to allege any specific facts that establish a valid cause of action against Hutchins." (Doc. 1 ¶ 10). Van Tassel, on the other hand, argues (1) that he has stated valid claims against Hutchins and (2) that the evidence supplementing his motion establishes a probable right to recover under these claims. (Doc. 7 ¶ 14). The outcome of this dispute ultimately depends on "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (articulating both a "Rule 12(b)(6)-type analysis" and, when appropriate, a "summary inquiry" that pierces the pleadings "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery"). As explained above, this analysis depends on Van Tassel's pleading at the time of State Farm's petition for removal. That pleading alleged the following:

> 10. Hutchins was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.
>
> 11. Hutchins's unreasonable investigation led to the underpayment of Plaintiff's claim.
>
> 12. Moreover, State Farm and Hutchins performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property.

(Doc. 1-3 ¶¶ 10-12). These are the sole allegations offered in support of Van Tassel's claims for violations of the Texas Insurance Code and the DTPA—claims that are made against both Hutchins *and* State Farm.

This Court has previously stated that when an adjuster's actions "can be accomplished by [the insurer] through an agent" and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster. *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, No. H-10-1846, 2011 WL 240335, at *14 (S.D. Tex. Jan. 20, 2011). This is just such a case, and the result of the analysis is the same, regardless of whether the Court conducts a 12(b)(6)-type analysis or pierces the pleadings to identify specific facts: Hutchins' actions are indistinguishable from State Farm's; therefore, no claim can be sustained again him. Van Tassel's own affidavit bolsters this conclusion, as he testifies that *two* different State Farm adjusters inspected his property with the same results. (Van Tassel Aff. at 1, Doc. 7-5). In other words, his claims are not truly against Hutchins, who was merely the second of the two adjusters; rather, they are against State Farm. Thus, the joinder of Hutchins was improper, original diversity jurisdiction exists, and the removal of this case was proper.

IV. **Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that the Motion to Remand (Doc. 7) is **DENIED**.  It is further

**ORDERED** that defendant Andre Hutchins is **DISMISSED** as improperly joined.

SIGNED at Houston, Texas, this 11th day of September, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE