UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES VAN TASSEL, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-3711 |
| | § § | |
| STATE FARM LLOYDS, *et al*, | § § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is the Second Motion to Remand Based on New Information (Doc. 31) and Supplemental Brief (Doc. 45) filed by Plaintiff Charles Van Tassel, arguing that as a matter of law this case must be remanded based on the Fifth Circuit's recent opinion, *De Jongh v. State Farm Lloyds*, ––– Fed. Appx. –––, No. 13-20174, 2014 WL 644564 (5th Cir. Feb. 20, 2014) (per curiam). Defendant State Farm Lloyds ("State Farm") filed a Response (Doc. 46) in opposition, arguing that *De Jongh* is distinguishable and does not require the Court to grant Plaintiff's second motion to remand. Having considered the motion, the response, the facts in the record and the applicable law, the Court concludes that the motion should be granted.

**I.     Background**

This is an insurance claim dispute arising out of storm damage sustained by Van Tassel's property in April 2012. Original Pet. ¶ 8, Doc. 1-3. After the storm, Van Tassel submitted a claim and demand for payment under his property insurance policy (the "Policy") with State Farm. Doc. 1-3 ¶¶ 7–8. State Farm assigned Andre Hutchins to serve as an individual adjuster, then Hutchins, according to Van Tassel, "conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection." Doc. 1-3 ¶ 10.

Van Tassel alleges that the consequence of this was State Farm's underpayment of his claim. Doc. 1-3 ¶ 11.

Van Tassel filed suit in Texas state court asserting causes of action for (i) breach of contract; (ii) violations of the Prompt Payment of Claims Statute; (iii) violations of the Texas Insurance Code; and (iv) violations of the Deceptive Trade Practices Act (DTPA) against State Farm Lloyds, Inc. ("Lloyds"), a Texas entity which he thought was his insurer, and against adjuster Hutchins, a Texas resident. Doc. 1-3 ¶¶ 13–23. State Farm Lloyds ("State Farm"), Van Tassel's actual insurer, filed the Original Answer (Doc. 1-4) and timely removed the suit to this Court on diversity grounds. In the Notice of Removal, State Farm stated that it had been improperly named by Plaintiff as "State Farm Lloyd's, Inc.," and explained that it is a citizen of the states of Illinois, Florida, and Pennsylvania and a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code, "consist[ing] of an association of underwriters, each of whom, at the time this civil action was commenced, were, and still are, citizens and residents of the states of Illinois, Florida and Pennsylvania making State Farm a citizen and resident of Illinois, Florida, and Pennsylvania for diversity purposes."[1] Notice of Removal, Doc. 1 ¶ 9. State Farm

---

[1] As explained in *Hebert v. State Farm Lloyds, Inc.*, Civ. A. No. 1:09-cv-532, 2009 WL 3297296, at *1 n.1 (E.D. Tex. Oct. 14, 2009),

> "It is important to note that State Farm Lloyds and Lloyd's are distinct entities. Texas Lloyd's plans such as State Farm Lloyds are singular entities created by Texas law." *Cronin v. State Farm Lloyds*, No. H-08-1983, 2008 WL 4649653, at *5 (S.D. Tex. Oct. 10, 2008). State Farm sells insurance under a "Lloyd's plan," through which a group of underwriters combine to issue insurance through an attorney-in-fact, in this case, Lloyds, Inc. *Martinez v. State Farm Lloyds*, 204 F. App'x 435, 436 (5th Cir. 2006) (citing Tex. Ins. Code Ann. § 941.001); *see Castillo v. State Farm Lloyds,* 210 F. App'x 390, 393 (5th Cir. 2006); *Trevino v. State Farm Lloyds*, 207 F. App'x 422, 424 (5th Cir. 2006); *Mata v. State Farm Lloyds*, 206 F. App'x 403, 404 (5th Cir. 2006); *Santos v. State Farm, Lloyds*, No. SA-06-CA-650, 2006 WL 3779798, at *3 (W.D. Tex. Nov. 3, 2006). "'[T]he attorney in fact acts as an agent for the Lloyd's group.'" *Castillo*, 210 F. App'x at 393 (quoting *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993). An attorney-in-fact is authorized by the underwriters to execute insurance policies, but does not bear risks and has no contractual relationship with the insured. *Martinez*, 204 Fed. Appx. at 436; *see Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 572 n.1. (5th Cir. 2006). "[A] Texas Lloyd's Plan such as State Farm Lloyds possesses a legal identity separate and distinct from its

also argued that Van Tassel failed to state any claim against Hutchins and thus he was improperly joined. *Id.* ¶¶ 2, 10–12. Van Tassel filed a motion to remand (Doc. 7) arguing that Hutchins was a properly-joined defendant. The Court denied Van Tassel's motion to remand, concluding that the joinder of Hutchins was improper and that original diversity-jurisdiction exists. Opinion & Order, Doc. 24 at 4.

Now in his Second Motion to Remand, Van Tassel argues that State Farm improperly inserted itself into the litigation and was not a party to the lawsuit at the time of removal because it did not move to intervene or otherwise be substituted as the proper party in interest. Doc. 31. As such, he argues, State Farm had no right to remove the case to federal court. Van Tassel filed a supplement to his second motion to remand wherein he argues that the case must be remanded based on the Fifth's Circuit's recent opinion, *De Jongh v. State Farm Lloyds*. Doc. 45.

## II. Legal Standard

Despite the fact that this case is set to be tried next month, as the Fifth Circuit notes in *De Jongh*, a court "may consider subject matter jurisdiction *sua sponte* as 'subject matter jurisdiction delineations must be policed by the courts on their own initiative.'" 2014 WL 644564, at *1. Because subject matter jurisdiction may not be waived, it may be considered at any time. *Id.* at *3 n.2; *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 411 & n.10 (5th Cir. 2004). Indeed courts have a duty to raise the issue of subject matter jurisdiction *sua sponte*. *Id.* (citing *Bridgemon v. Array Sys. Corp.*, 325 F.3d 572, 575 (5th Cir. 2003)). Moreover, where an action is removed from state court based on diversity jurisdiction, the court must remand the suit if at any time before it enters final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Group,*

---

underwriters."

*Cronin*, 2008 WL 4649653, at *5.

*LP*, 541 U.S. 567, 571 (2002); *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014).

**III.  Discussion**

In *De Jongh*, a state court suit asserting the same kinds of claims brought by Plaintiff in this suit against an individual adjuster and purported insurer, Lloyds, with a trade name similar to the real insurer, State Farm, De Jongh, a Texas resident, served Lloyds, a Texas resident, and continued to assert her claims against it throughout the litigation. State Farm answered the suit, stated that De Jongh had incorrectly named Lloyds as the Defendant, claiming a "misnomer," and maintained that it was the correct defendant. 2014 WL 644564, at *1, 2. The Fifth Circuit highlighted the fact, however, that State Farm did not move to intervene or to ask the state court to substitute it as the proper party in interest. *Id.* State Farm then removed the case on diversity grounds, and in its notice of removal stated that De Jongh had named the wrong entity, that State Farm was a citizen of Illinois, Florida, and Pennsylvania, that the adjuster, Dwight Johnson (a Texas resident), had been improperly joined, and that complete diversity of citizenship existed among the real parties in interest, i.e., De Jongh and State Farm. *Id.* Unlike in the instant case, however, De Jongh did not move to remand, and the district court did not dismiss either Lloyds or the adjuster. Following a bench trial, the district court entered a take-nothing judgment in favor of Johnson and State Farm; Lloyds was not mentioned in the final judgment. De Jongh filed a timely appeal, arguing that the district court lacked subject matter jurisdiction because (1) State Farm was not a party to the suit and (2) all the actual parties were Texas residents. 2014 WL 644564, at *1–2.

In questioning whether it had subject matter jurisdiction, the Fifth Circuit properly

examined Jongh's original petition at the time of removal[2] and noted that any doubts about the propriety of the removal should be resolved against federal jurisdiction. 2014 WL 644564, at *1, citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Citing 28 U.S.C. § 1441(a) for the rule that only a defendant may remove a civil action to federal court, the Fifth Circuit opined, "A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings." *Id.* at *2 (citing *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006) ("'[W]here an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action.'")); *Hous. Auth. of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973) ("holding that, where removal is initiated by a non-party, the district court is without subject matter jurisdiction"). The appellate court reasoned,

> Here, State Farm never became a party in this action. Jongh did not name State Farm as a defendant in her original petition; although it asserted in its answer and notice of removal that Jongh incorrectly named Lloyds as a defendant, State Farm did not move to intervene or otherwise request that the district court substitute it as the proper party in interest. Consequently it lacked the authority to remove this action to federal court. *See Salazar*, 455 F.3d at 575; *Millwood*, 472 F.2d at 272.

2014 WL 644564, at *2. Noting the well-established precept that a plaintiff is the master of her complaint, which is generally used to permit plaintiffs to draft their petitions to avoid federal jurisdiction and removal, the Fifth Circuit concluded that a plaintiff may choose the parties she wishes to sue and "[t]he district court lacked the authority to disregard Jongh's choice to sue Lloyds, not State Farm, and assert diversity jurisdiction." 2014 WL 644564, at *2 (citing *Salazar*, 455 F.3d at 575, 573 (under nearly identical facts, holding that "a district court cannot 'create removal jurisdiction based on diversity by substituting parties.'"). Because in *De Jongh* State Farm "never properly became a defendant," it lacked the authority to remove the case and

---

[2] The right to remove depends upon the plaintiffs' pleading at the time of the petition for removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537–38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995).

the federal district court "lacked subject matter jurisdiction because each of the proper parties to this action—Jongh, Lloyds, and Johnson—are Texas residents." 2014 WL 644564, at *3. The Fifth Circuit vacated the final judgment and remanded the suit to state court. *Id.*

State Farm argues that *De Jongh* is distinguishable from the instant case because the record in this case establishes that Plaintiff intended to sue State Farm, but accidentally misnamed it as Lloyds, whereas in *De Jongh*, the Fifth Circuit found that Plaintiff intended to sue Lloyds. Doc. 46 at 4. In *De Jongh*, the Fifth Circuit explained the distinction between a "misnomer" and a "misidentification" as follows:

> The misnomer/misidentification dichotomy usually arises in cases involving whether the statute of limitations was tolled by filing suit against a party that is defectively named in some way. With a misnomer, the correct party, although misnamed, is served with notice of the suit; in that situation, limitations is tolled…This is in contrast to a misidentification, which "arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." . . . . A misidentification, unlike a misnomer, does not toll the statute of limitations. [citations omitted]

2014 WL 644564, at *3 n.4. The Fifth Circuit also recognized the exception to the rules regarding misidentification in the limitations context where "there are two separate but related entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Id.*

State Farm argues that the rules regarding misnomer apply here because "Plaintiff served the lawsuit on State Farm in accordance with the Policy…which provides 'SERVICE OF PROCESS – Service of Process may be had upon…the duly appointed Attorney-in-Fact for State Farm Lloyds at Dallas, Texas…'" (Response, Doc. 46 p. 2; Policy, Doc. 46-1 p. 28; Service of Process, Doc. 46-2). Although Plaintiff misnamed State Farm in the complaint, Plaintiff still served State Farm and State Farm is involved in the suit, therefore, it argues, *De Jongh* does not require the Court to remand. (Doc. 46 at 4). In the alternative, State Farm argues that even if

Plaintiff's original state court complaint did misidentify Lloyds, the exception to the misidentification rule applies because State Farm and Lloyd's "are separate but related entities that use a similar trade name[,] State Farm [] had notice of the lawsuit[,] and State Farm [] was not misled or prejudiced by Plaintiff's mistake." (Response, Doc. 33 ¶ 18).

The court in *De Jongh* considered the applicability of the exception to the facts of that case and concluded that it did not apply. The court reasoned,

> [C]ritical to this analysis is the fact that Jongh—the author of the petition—disputes State Farm's assertion that she named Lloyds as a defendant in her original petition in error. Additionally, we are not here dealing with the issue of statute of limitations under state law but the question of whether State Farm was a party to the case who could remove the action under federal law.

2014 WL 644564, at *3 n.4.

The Court finds that under the strikingly similar facts of this case, the reasoning in *De Jongh* is persuasive. Here as in *De Jongh*, Plaintiff served Lloyds, not State Farm,[3] and Plaintiff disputes State Farm's assertion that he named Lloyds in error. State Farm never intervened in the action and Lloyds was never dismissed. Under these facts, the Court "lacks the authority to disregard [Van Tassel's] choice to sue Lloyds, not State Farm, and assert diversity jurisdiction."[4]

IV. **Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that that Plaintiff's Second Motion to Remand (Doc. 31) is **GRANTED** and the case is to be remanded to the state court for further proceedings on the merits.

---

[3] The Policy provides that "Service of Process may be had upon…the duly appointed Attorney-in-Fact for State Farm Lloyds at Dallas, Texas," i.e., Lloyds.

[4] This Court recently considered the applicability of the holding in *De Jongh* to the facts of a similar, yet distinguishable case, *Dalton v. State Farm Lloyd's, Inc.*, —— F. Supp. 2d —— (2014), 2014 WL 838529 (S.D. Tex. March 4, 2014) and reached the opposite conclusion. In *Dalton*, unlike here, the plaintiff filed a Second Amended Complaint after removal naming State Farm, not Lloyds, as the Defendant. Here, as in *De Jongh*, Plaintiff continues to assert that his claims are against Lloyds only, not State Farm. Plaintiff never filed an amended complaint or any other document stating otherwise.

The Clerk shall mail a certified copy of this Order of Remand to the Clerk of the 412th Judicial District of Brazoria County, Texas as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

All other pending motions are **DISMISSED AS MOOT**.

SIGNED at Houston, Texas, this 9th day of April, 2014.

                                          MELINDA HARMON
                                  UNITED STATES DISTRICT JUDGE